UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
----------------------------------------------------------x
THE ASSOCIATED PRESS,

              Plaintiff,

   - against -

MELTWATER U.S. HOLDINGS, INC.;
MELTWATER NEWS U.S., INC.; and
MELTWATER NEWS U.S. 1, INC.

              Defendants.
----------------------------------------------------------x

12 Civ. 1087(DLC)

**JOINT RULE 26(f) REPORT**

Pursuant to the Court's February 27, 2012 Notice of Initial Pretrial Conference and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff The Associated Press ("Plaintiff") and Defendants Meltwater U.S. Holdings, Inc., Meltwater News U.S., Inc., and Meltwater News U.S. 1, Inc. (collectively "Defendants"), by and through their undersigned attorneys, respectfully submit the following Joint Rule 26(f) Report, reflecting the Rule 26(f) telephonic conference held by the parties on April 4, 2012.

**Rule 26(a) Initial Disclosures**

Counsel have agreed to exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure by May 18, 2012.

**Proposed Schedule for Motions and Discovery**

The Parties propose the following schedule for motions and discovery in this case:

1. Plaintiff's Response to Defendants' Counterclaims: <u>May 15, 2012</u>

2. Rule 26(a) Initial Disclosures to be served no later than: <u>May 18, 2012</u>

3. First day for serving document requests or interrogatories: <u>May 18, 2012</u>

4. Fact discovery to be completed by: <u>November 16, 2012</u>.

5. Expert discovery to be completed by: <u>January 18, 2013</u>.

6. After the pleadings are closed, either party may move for judgment on the pleadings under Fed. R. Civ. P 12(c) at any time early enough not to delay trial. The parties will confer in good faith regarding the timing of any such motion so that it is not filed after substantial discovery has ensued. In the event that Plaintiff moves to dismiss any of Defendants' counterclaims, the parties propose that any motion filed under Fed. R. Civ. P 12(c) may be filed prior to the filing of any answer on such counterclaims.

7. All motions for summary judgment shall be filed and served no later than <u>60 days</u> after the close of expert discovery.

8. Opposition papers thereupon shall be served within <u>45 days</u> thereafter.

9. Reply papers thereupon shall be served within <u>30 days</u> thereafter.

10. Should Plaintiff move to dismiss any of Defendants' counterclaims, the parties will meet and confer to discuss whether adjustments to this schedule are appropriate in light of that motion.

**<u>Other Matters</u>**

1. <u>Electronic Discovery</u>: The parties anticipate that discovery in this case will involve the production of documents and electronically stored information ("ESI"). The parties have agreed to meet and confer in good faith throughout the course of discovery in an effort to avoid the need for any formal motions related to discovery of documents or ESI. The parties anticipate that they will hold a series of ongoing discussions regarding these issues, including but not limited to the mechanics of production, scope of metadata produced and suitable formats, and expect to agree to limitations on the number of custodians from whom documents will be

collected and produced and the use of appropriate search terms to minimize the burdens of electronic discovery.

2. <u>Issues Relating to Claims of Privilege:</u>

    a. The parties shall produce privilege logs within a reasonable time after production. The parties will confer in good faith on ways to minimize the burden of privilege logs.

    b. The parties agree that any inadvertent disclosure of privileged material in the course of discovery shall not constitute a waiver of privilege, provided that the party who made the inadvertent disclosure promptly notifies the other party upon becoming aware of the disclosure. Before document requests are served, the parties will execute a stipulation for the Court's approval memorializing their non-waiver agreement.

3. <u>Changes to Limitations on Discovery</u>: The parties agree as follows:

    a. **Document requests.** The parties agree to follow the Federal Rules of Civil Procedure regarding document requests, except that the party to whom the request is directed must respond in writing within 45 days after being served.

    b. **Depositions.** The parties agree to follow Fed. R. Civ. P. 30 regarding the total number of depositions and the duration of depositions. The parties have differing views on the location of depositions. Plaintiff contends that all party depositions should be conducted in New York, NY. Defendants contend that depositions of its witnesses should be conducted either in New York or where the witness resides, at the witnesses' election, unless some other accommodation is agreed upon.

    c. **Interrogatories**. The parties agree to follow Fed. R. Civ. P. 33 regarding the number of interrogatories and Local Rule 33.3 regarding interrogatories.

    d. **Requests for Admission.** The parties agree to follow Fed. R. Civ. P. 36 regarding requests for admission, except that a matter shall be deemed admitted unless the party to whom the request is directed serves a written answer or response within 45 days after being served.

The parties agree that these limitations on discovery may be modified by motion under the standards set forth in the Federal Rules of Civil Procedure. If either party desires to modify these limitations, the parties will meet and confer in an effort to seek agreement. If agreement cannot be reached, the party asking for additional discovery may petition the Court for relief.

    4. <u>Protective Order</u>: The parties recognize that this matter may require the production of sensitive commercial information and therefore agree that it is appropriate to enter into a protective order to govern the handling of such information. Before document requests are served, the parties will execute a stipulated pre-trial protective order for this Court's approval.

    5. <u>Stipulations</u>: The parties agreed that they would work together to try and agree to certain stipulated facts that are not in dispute, so to narrow discovery and minimize costs.

**Settlement Discussions**

During their April 4 meet and confer, the parties discussed the possibility of settlement. While neither side has yet made a settlement proposal, the parties agreed to continue such discussions in good faith. Should the Court think it appropriate, the parties are willing to discuss settlement with the Court at the April 20 conference. The parties are also willing to explore an alternative mediation process, including settlement discussions through the Court's mediation process.

**Trial**

Based on the claims currently advanced by each party, the Parties contemplate that trial in this matter will take 14 full days. The Parties do not consent to trial before a magistrate judge.

Dated: New York, New York
April 13, 2012

| DAVIS WRIGHT TREMAINE LLP | WILSON SONSINI GOODRICH & ROSATI |
|---|---|
| By: /s/<br>Elizabeth A. McNamara (EAM 1987)<br>Linda Steinman (LS 5906)<br>Alison B. Schary (AS 8276)<br>1633 Broadway, 27th Floor<br>New York, New York 10019<br>Telephone: (212) 489-8230<br>Facsimile: (212) 489-8340 | By: /s/<br>Tonia Ouellette Klausner<br>David H. Kramer<br>Brian Willen<br>Catherine Grealis<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |