UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------x

THE ASSOCIATED PRESS,      :

              Plaintiff,      :      12 Civ. 1087(DLC)(FM)

                                  :

     - against -      :      ECF Case

                                  :

MELTWATER U.S. HOLDINGS, INC.;      :
MELTWATER NEWS U.S., INC.; and      :
MELTWATER NEWS U.S. 1, INC.      :

                                  :

     Defendants.      :

------------------------------------------------x

## ANSWER TO COUNTERCLAIMS

Plaintiff The Associated Press ("AP"), by and through its undersigned attorneys, hereby answers, moves against, or otherwise responds to the Counterclaims brought against it by Defendants and Counterclaim-Plaintiffs Meltwater U.S. Holdings, Inc., Meltwater News U.S., Inc., and Meltwater News US1, Inc. ("Meltwater").

## NATURE OF THE ACTION

1.      AP denies the allegations of Paragraph 1 of the Counterclaims.

2.      AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Counterclaims.

3.      AP denies the allegations of Paragraph 3 of the Counterclaims.

4.      AP denies any characterization of Meltwater News as a "search engine." AP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Counterclaims.

5.      AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Counterclaims.

6.      AP denies the allegations of Paragraph 6 of the Counterclaims.

7.      AP has a good-faith belief that in response to customers' ad-hoc queries and standing "agent" keywords, Meltwater provides media monitoring reports that include the headline of the article, the article's source, the article's lede, and an additional extract of text surrounding the customer's keyword.  AP denies the accuracy of the characterization of the Meltwater media monitoring reports as "search results."  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Counterclaims.

8.      AP has a good-faith belief that articles delivered by Meltwater to a customer include a hyperlink, which may or may not direct the customer to an operational web page where the content resides.  AP denies any characterization of Meltwater News as a "search engine," and AP further denies the accuracy of the characterization of the Meltwater media monitoring reports as "search results."  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Counterclaims.

9.      AP has a good-faith belief that Meltwater delivers media monitoring reports including text from articles that a customer can no longer access at the originating website, either because it has been removed from the Internet or placed behind a paywall by the hosting website.  AP denies the accuracy of the characterization of the Meltwater media monitoring reports as "search results."  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Counterclaims.

10.     AP has a good-faith belief that in exchange for additional fees, Meltwater subscribers have the ability to package content from news sources delivered by Meltwater into

branded newsletters, using tools provided by Meltwater on its website.  AP denies any
characterization of Meltwater News as a "search engine," and AP further denies the accuracy of
the characterization of the Meltwater media monitoring reports as "search results."  Except as
expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to
the truth of the allegations of Paragraph 10 of the Counterclaims.

      11.     To the extent the allegations of Paragraph 11 of the Counterclaims are deemed to
be allegations of law, AP is not required to plead thereto.  To the extent the allegations of
Paragraph 11 are deemed allegations of fact, AP lacks knowledge or information sufficient to
form a belief as to the truth of the allegations regarding Meltwater's understanding of U.S.
copyright law.  AP further denies the accuracy of the characterization of the Meltwater media
monitoring reports as "search results"  and otherwise denies the remaining allegations of
Paragraph 11 of the Counterclaims.

      12.     AP admits that on February 14, 2012, AP sued Meltwater in the above-captioned
action and respectfully refers the Court to the Complaint for a complete and accurate statement
of its claims.

      13.     AP denies the allegations of Paragraph 13 of the Counterclaims.

      14.     AP denies the allegations of Paragraph 14 of the Counterclaims, except admits
that on February 14, 2012, AP issued a press release ("AP Press Release") describing the
allegations in its Complaint that was filed in federal court that day.  AP respectfully refers the
Court to the AP Press Release for the contents thereof.

      15.     AP admits that on February 14, 2012, AP issued the AP Press Release describing
the allegations in its Complaint, and AP respectfully refers the Court to the AP Press Release for
the contents thereof.  AP denies that the "intended effect" of the AP Press Release was to disrupt

3

Meltwater's business relationships or to deprive Meltwater of the benefits it was allegedly entitled to expect from those relationships. AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Meltwater's business negotiations with its current and prospective customers. Except as expressly admitted, AP denies the allegations of Paragraph 15 of the Counterclaims.

16.     To the extent the allegations of Paragraph 16 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto. To the extent the allegations of Paragraph 16 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations of Paragraph 16 of the Counterclaims.

## JURISDICTION AND VENUE

17.     AP admits the allegations of Paragraph 17 of the Counterclaims.

18.     AP admits the allegations of Paragraph 18 of the Counterclaims.

19.     AP admits the allegations of Paragraph 19 of the Counterclaims.

## PARTIES

20.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Counterclaims.

21.     AP admits the allegations of Paragraph 21 of the Counterclaims.

## FACTUAL ALLEGATIONS

A.     **Meltwater's U.S. Operations**

22.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Counterclaims.

23.     AP admits that Meltwater's website lists the following as its "products": Meltwater News, Meltwater Buzz, Meltwater Press, Meltwater Reach, Meltwater Drive, and

DWT 19533671v3 0025295-000064

Meltwater Talent.  Except as expressly admitted, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Counterclaims.

24.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Counterclaims.

25.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Counterclaims.

26.     AP admits that Meltwater's website lists the following as the "four key components" of its Meltwater News service: Global Media Monitoring, Analytics, Newsfeed, and Newsletter.  AP has a good-faith belief that a basic subscription to Meltwater provides access only to the Global Media Monitoring service, with the other service offerings (Analytics, Newsfeed, Newsletter) available only upon payment of additional annual fees.  AP also denies the characterization of Meltwater News as a "search engine."  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Counterclaims.

27.     AP has a good-faith belief that Meltwater customers receive excerpts of articles in response to their specified keywords and that Meltwater customers can forward these excerpts to third parties using the Meltwater system.  AP also has a good-faith belief that Meltwater customers can create branded newsletters that include content from news sources delivered by Meltwater and content stored by customers on their customer archives on Meltwater's servers, including the full text of articles, and distribute these branded newsletters to third parties.  Except as expressly admitted, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Counterclaims.

DWT 19533671v3 0025295-000064

**B.** **Meltwater's Global Media Monitoring Service**

28.     AP denies the allegations of Paragraph 28 of the Counterclaims.

29.     AP has a good-faith belief that Meltwater customers receive excerpts of articles in response to their specified keywords.  AP also has a good-faith belief that Meltwater customers may perform additional ad-hoc queries on the Meltwater site and receive excerpts of articles in response to those queries.  Except as expressly admitted, AP denies the allegations of Paragraph 29 of the Counterclaims.

30.     AP has a good-faith belief that the content made available to Meltwater customers using the Global Media Monitoring system includes content that is collected from the websites of third-party publishers who display that content, including AP Content, on their websites.  AP denies that such content is "made freely available" for Meltwater to copy, sell and distribute to its subscribers without seeking a license, or that such news items are available on the Internet at the time that Meltwater excerpts them for its customers.  Except as expressly admitted, AP denies the allegations of Paragraph 30 of the Counterclaims.

31.     AP has a good-faith belief that Meltwater News may use automated computer programs known as "web crawlers," "spiders" or "robots" to "scrape" the contents of news websites and to create an index of content from those websites on Meltwater-owned or controlled servers that it then sells and distributes to its subscribers.  Except as expressly admitted, AP denies the allegations of Paragraph 31 of the Counterclaims.

32.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Counterclaims.

33.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Counterclaims.

DWT 19533671v3 0025295-000064

34.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Counterclaims, except AP admits that Meltwater has never sought a licensing agreement with AP to copy, sell and distribute AP news content.

35.     AP denies the allegations of Paragraph 35 of the Counterclaims and specifically denies that the news content indexed by Meltwater is available for "free" for Meltwater to copy, sell and distribute to its subscribers without seeking a license.

36.     AP denies the allegations of Paragraph 36 of the Counterclaims.

37.     AP denies that Meltwater News is a "search engine."  AP has a good-faith belief that a Meltwater customer can set up standing keywords, or "agents," to obtain excerpts from news articles from Meltwater.  AP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that a basic U.S. subscription to Meltwater News allows a customer to establish up to five "agents."  Except as expressly admitted, AP denies the allegations of Paragraph 37 of the Counterclaims.

38.     AP has a good-faith belief that Meltwater provides excerpts from news articles in response to customers' "agents" on a periodic basis.  AP denies the accuracy of the characterization of the Meltwater media monitoring reports as "search results."  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Counterclaims.

39.     AP denies the accuracy of the characterization of the Meltwater media monitoring reports as "search results."  AP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Counterclaims.

40.     AP has a good-faith belief that a Meltwater subscriber may run ad-hoc queries of the Meltwater News database while logged into the Meltwater website.

DWT 19533671v3 0025295-000064

41.     AP denies the accuracy of the characterization of the Meltwater media monitoring reports as "search results."  AP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Counterclaims.

**C.     Meltwater's Archive Tool**

42.     AP denies that Meltwater News is a "search engine."  AP has a good-faith belief that subscribers to Meltwater's Global Media Monitoring service have the ability to archive and export content that they have received from Meltwater and/or saved to Meltwater-owned and controlled servers.  AP has a good-faith belief that the Newsletter and Analytics components of the Meltwater News service are available to subscribers for additional fees.  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Counterclaims.

43.     AP has a good-faith belief that Meltwater subscribers can save content delivered by Meltwater or full-text articles in a designated Archive folder on Meltwater's system.  AP denies that "search results" is an accurate characterization of the Meltwater media monitoring reports.  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Counterclaims.

44.     AP has a good-faith belief that Meltwater subscribers can use Meltwater's Archive tool to store content delivered by Meltwater or full-text articles on Meltwater's system.  AP denies the accuracy of the characterization of Meltwater media monitoring reports as "search results."  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Counterclaims.

45.     AP denies the allegations of Paragraph 45 of the Counterclaims.

46.     AP has a good-faith belief that a Meltwater subscriber's archived content is stored on Meltwater's system.  AP denies the accuracy of the characterization of Meltwater media monitoring reports as "search results."  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Counterclaims.

47.     AP admits that Meltwater offers an "Article Editor" tool, but AP denies that this tool's functionality is limited to allowing subscribers to create and store their own content in customer Archives.  AP also denies the accuracy of the characterization of Meltwater media monitoring reports as "search results."  Except as expressly admitted, AP denies the allegations of Paragraph 47 of the Counterclaims.

48.     AP has a good-faith belief that the Article Editor tool includes a pop-up window with text boxes described as set forth in Paragraph 48 of the Counterclaims.   Except as expressly admitted, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Counterclaims.

49.     AP has a good-faith belief that Meltwater subscribers have the ability to enter content into the various fields of the Article Editor tool and then to store that content in their Archives on Meltwater's system. Except as expressly admitted, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Counterclaims.

50.     AP denies the allegations of Paragraph 50 of the Counterclaims.

51.     AP denies the accuracy of the characterization of Meltwater media monitoring reports as "search results." AP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 of the Counterclaims.

DWT 19533671v3 0025295-000064

52.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Counterclaims.

**D.     Meltwater's Newsletter Tool**

53.     AP admits that Meltwater offers a "Newsletter" tool to subscribers for additional annual fees.  Except as expressly admitted, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Counterclaims.

54.     AP admits that Meltwater offers a "Newsletter" tool to subscribers for additional annual fees.  AP has a good-faith belief that Meltwater subscribers can use the "Newsletter" tool to create and deliver via email to third-party recipients a branded newsletter including content delivered by Meltwater and/or stored in the customer's Archive, including full-text articles. Except as expressly admitted, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Counterclaims.

55.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Counterclaims.

56.     AP has a good-faith belief that Meltwater subscribers can include in a Newsletter content delivered by Meltwater and/or stored in the customer's Archive (including full-text articles), including content stored in the Archive using the Article Editor feature.  AP denies that "search results" is an accurate characterization of the Meltwater media monitoring reports. Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of Paragraph 56 of the Counterclaims.

57.     AP denies that "search results" is an accurate characterization of the Meltwater media monitoring reports.  AP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Counterclaims.

58.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Counterclaims.

**E.     Meltwater's Alleged Compliance with Copyright Law**

59.     AP denies the allegations of Paragraph 59 of the Counterclaims.

60.     AP denies that "search results" is an accurate characterization of the Meltwater media monitoring reports. AP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Counterclaims.

61.     AP denies that "search results" is an accurate characterization of the Meltwater media monitoring reports.  AP has a good-faith belief that in response to subscribers' "agents" and ad-hoc queries of the Meltwater database, Meltwater delivers to its subscribers an article's headline, source, lede, and additional excerpts from the article text surrounding the first instance of the customer's keyword.  AP has a good-faith belief that Meltwater also provides a URL to the third-party web page where the article was published, although the URL may lead to a page where the content no longer exists, either because it was removed from the Internet or placed behind a paywall at the originating website.  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Counterclaims.

62.     To the extent the allegations of Paragraph 62 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 62 are deemed allegations of fact, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

63.     To the extent the allegations of Paragraph 63 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of

DWT 19533671v3 0025295-000064

Paragraph 63 are deemed allegations of fact, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

64.     To the extent the allegations of Paragraph 64 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 64 are deemed allegations of fact, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

65.     To the extent the allegations of Paragraph 65 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 65 are deemed allegations of fact, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

66.     To the extent the allegations of Paragraph 66 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 66 are deemed allegations of fact, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

67.     To the extent the allegations of Paragraph 67 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 67 are deemed allegations of fact, AP states that as of February 14, 2012, Meltwater's website did not list an agent to receive notifications of claimed copyright infringement under the DMCA.  AP admits that Meltwater's website currently purports to list an agent, but does not admit that such a designation comports with the DMCA.  AP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Counterclaims.

DWT 19533671v3 0025295-000064

68.     To the extent the allegations of Paragraph 68 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto. To the extent the allegations of Paragraph 68 are deemed allegations of fact, AP states that as of February 14, 2012, Meltwater did not include a repeat-infringer policy on its website. AP admits that Meltwater's website currently lists a "Repeat Infringer Policy" at the stated URL and respectfully refers the Court to that policy for the contents thereof, but does not admit that such a policy comports with the DMCA. AP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Counterclaims.

69.     To the extent the allegations of Paragraph 69 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto. To the extent the allegations of Paragraph 69 are deemed allegations of fact, AP states that as of February 14, 2012, the publicly available portion of Meltwater's website did not provide instructions to copyright owners about how to send notifications of alleged infringement if the copyright owner believed that material on Meltwater's system infringed its copyright. AP admits that Meltwater's website currently includes a "Notification" section at the URL http://www.meltwater.com/copyright, and respectfully refers the Court to that policy for the contents thereof, but does not admit that such a notification section comports with the DMCA. Except as expressly admitted, AP denies the allegations of Paragraph 69 of the Counterclaims.

70.     To the extent the allegations of Paragraph 70 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto. To the extent the allegations of Paragraph 70 are deemed allegations of fact, AP denies the allegations.

DWT 19533671v3 0025295-000064

F.     **Meltwater's Dispute with AP**

*AP's Pre-Litigation Efforts to Obtain Access to and Information about Meltwater News*

71.     AP admits that in December 2011, Keri McKenzie, an employee of the James Mintz Group, contacted Meltwater regarding a trial subscription to the Meltwater News service. Except as expressly admitted, AP denies the allegations of Paragraph 71 of the Counterclaims.

72.     AP admits that the James Mintz Group was hired as an agent for AP's counsel to investigate the infringing practices of Meltwater News, but denies any implication that AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group.  AP further states that the James Mintz Group acquired a trial subscription to Meltwater News under its own name and was never asked whether it was acting on behalf of another entity.  Except as expressly admitted, AP denies the allegations of Paragraph 72 of the Counterclaims.

73.     AP admits that Meltwater provided the James Mintz Group with a trial subscription to the Meltwater News service, including the Archive tool.  Except as expressly admitted, AP denies the allegations of Paragraph 73 of the Counterclaims.

74.     AP admits that the James Mintz Group, including Ms. McKenzie, was authorized to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but denies any implication that AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group.  AP further admits that at Ms. McKenzie's request, after experiencing technical difficulties with the site, Meltwater agreed to extend the James Mintz Group's initial trial period.  Except as expressly admitted, AP denies the allegations of Paragraph 74 of the Counterclaims.

75.     AP admits that following discussions between Meltwater and Ms. McKenzie, Meltwater agreed to extend the James Mintz Group's initial trial period until December 16,

14

2011.  Except as expressly admitted, AP denies the allegations of Paragraph 75 of the Counterclaims.

76.     AP admits that the James Mintz Group, including Ms. McKenzie, was authorized to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but denies any implication that AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group.  AP further admits that the James Mintz Group acquired a trial subscription to Meltwater News under its own name and was never asked whether it was acting on behalf of another entity.  Except as expressly admitted, AP denies the allegations of Paragraph 76 of the Counterclaims.

77.     AP denies the accuracy of the characterization of the Meltwater media monitoring reports as "search results."  AP admits that the James Mintz Group, including Ms. McKenzie, was authorized to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but denies any implication that AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group.  AP further admits that Ms. McKenzie and/or other representatives of the James Mintz Group inquired whether a user would be able to store additional text in his or her customer archive.  AP further admits that Meltwater informed the James Mintz Group that it was possible to "copy and paste" the full text of articles into a customer's personal archive using the Article Editor tool.  AP further admits that a Meltwater representative demonstrated how a user could save the full text of an article to a folder in the customer's archive.  Except as expressly admitted, AP denies the allegations of Paragraph 77 of the Counterclaims.

78.     AP admits that the James Mintz Group was authorized to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but denies any implication that

15

AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group. AP further admits that in the course of investigating the functionality of Meltwater's system, the James Mintz Group used the Article Editor tool to store the full text of several articles, including AP articles, in the James Mintz Group's customer archive on servers owned or controlled by Meltwater.   Except as expressly admitted, AP denies the allegations of Paragraph 78 of the Counterclaims.

79.    AP denies the accuracy of the characterization of the Meltwater media monitoring reports as "search results."  AP admits that the full text of the articles stored in the James Mintz Group's customer archive were not delivered directly to the James Mintz Group in response to their standing "agents" or queries.  AP further states that the Article Editor tool did not prevent the James Mintz Group from storing the full text of any article delivered by Meltwater on Meltwater's system.  Except as expressly admitted, AP denies the allegations of Paragraph 79 of the Counterclaims.

80.    AP admits that the James Mintz Group was authorized to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but denies any implication that AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group. AP further admits that Ms. McKenzie and/or other representatives of the James Mintz Group copied the full text of articles from their originating website and used the Meltwater Article Editor tool to store the full text of those articles, including AP articles, in the James Mintz Group's customer archive on servers owned or controlled by Meltwater.  Except as expressly admitted, AP denies the allegations of Paragraph 80 of the Counterclaims.

81.    AP admits that the James Mintz Group was authorized to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but denies any implication that

16

AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group.

AP further admits that Ms. McKenzie and/or other representatives of the James Mintz Group

copied the full text of articles from their originating website and used the Meltwater Article

Editor tool to store the full text of those articles, including AP articles, in the James Mintz

Group's customer archive on servers owned or controlled by Meltwater.  Except as expressly

admitted, AP denies the allegations of Paragraph 81 of the Counterclaims.

82.     AP denies the allegations in Paragraph 82 of the Counterclaims.

83.     AP denies the allegations of Paragraph 83 of the Counterclaims.

84.     The allegations of Paragraph 84 of the Counterclaims are allegations of law, and

AP is not required to plead thereto.

85.     AP admits that the James Mintz Group, including Ms. McKenzie, was authorized

to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but

denies any implication that AP authorized the provision by Meltwater of any AP-owned content

to the James Mintz Group.  AP further admits that for the purpose of investigating the

functionality of Meltwater's system, Ms. McKenzie and/or other representatives of the James

Mintz Group requested a demonstration of Meltwater's Newsletter tool.  AP further admits that

a representative of Meltwater provided a demonstration of the Newsletter tool for Ms.

McKenzie and/or other representatives of the James Mintz Group.  AP further admits that the

representative of Meltwater answered questions regarding the Newsletter tool and provided

sample newsletters created by clients, including a newsletter that included full-text articles.

Except as expressly admitted, AP denies the allegations of Paragraph 85 of the Counterclaims.

86.     AP admits that the James Mintz Group, including Ms. McKenzie, was authorized

to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but

DWT 19533671v3 0025295-000064

denies any implication that AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group.  AP further admits that in connection with this investigation, Ms. McKenzie and/or other representatives of the James Mintz Group requested a pricing proposal for a subscription to Meltwater News.  Except as expressly admitted, AP denies the allegations of Paragraph 86 of the Counterclaims.

87.     AP admits that the James Mintz Group received a pricing proposal from Meltwater at the conclusion of its trial subscription.  Except as expressly admitted, AP denies the allegations of Paragraph 87 of the Counterclaims.

88.     AP admits that the James Mintz Group, including Ms. McKenzie, was authorized to act as agents for AP's counsel in order to investigate Meltwater's infringing practices, but denies any implication that AP authorized the provision by Meltwater of any AP-owned content to the James Mintz Group.  AP further admits that the James Mintz Group considered purchasing a subscription to Meltwater News, but ultimately decided not to do so.  Except as expressly admitted, AP denies the allegations of Paragraph 88 of the Counterclaims.

*AP's Lawsuit against Meltwater*

89.     AP admits the allegations in Paragraph 89 of the Counterclaims and respectfully refers the Court to the Complaint for the contents thereof.

90.     AP admits that prior to filing its Complaint, Meltwater had not contacted AP to seek a license from AP for use of AP Content in the Meltwater News service.  Except as expressly admitted, AP denies the allegations of Paragraph 90 of the Counterclaims.

91.     AP admits that prior to filing its Complaint, Meltwater had not contacted AP to seek a license from AP for use of AP Content in the Meltwater News service.  Except as expressly admitted, AP denies the allegations of Paragraph 91 of the Counterclaims.

92.     AP admits that its Complaint states claims against Meltwater for direct, contributory and vicarious copyright infringement of AP Content, including but not limited to the Registered Articles; a declaratory judgment that Meltwater's business practices as set forth in AP's Complaint constitute infringement of AP's copyright in any AP Content, including but not limited to the Registered Articles; "hot-news" misappropriation under New York law of AP Content, including but not limited to the Registered Articles; and removal or alteration of copyright management information from AP Content, including but not limited to the Registered Articles.  Except as expressly admitted, AP denies the allegations of Paragraph 92 and respectfully refers the Court to the Complaint for the contents thereof.

93.     AP denies the allegations of Paragraph 93 of the Counterclaims and respectfully refers the Court to the Complaint for the contents thereof.

94.     AP has a good-faith belief that the content made available to Meltwater customers using the Global Media Monitoring system includes content that is collected from the websites of third-party publishers who display that content, including the Registered Articles and other AP Content, on their websites.  AP denies any characterization of Meltwater News as a "search engine."  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Counterclaims.

95.     AP has a good-faith belief that the content made available to Meltwater customers using the Global Media Monitoring system includes content that is collected from the websites of third-party publishers who display that content, including the Registered Articles and other AP Content, on their websites.  AP denies that such content is available for "free" for Meltwater to copy, sell and distribute to its subscribers without seeking a license.  AP further denies any characterization of Meltwater News as a "search engine."  Except as expressly

DWT 19533671v3 0025295-000064

admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Counterclaims.

96.     AP denies the allegations of Paragraph 96 of the Counterclaims.

97.     AP denies the allegations of Paragraph 97 of the Counterclaims.

98.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Counterclaims.

99.     AP denies the allegations of Paragraph 99 of the Counterclaims and respectfully refers the Court to the Complaint for the contents thereof.

100.     AP denies the allegations of Paragraph 100 of the Counterclaims.

101.     AP denies the allegations of Paragraph 101 of the Counterclaims.

102.     AP admits that Meltwater is a closed system, and therefore that no one outside of Meltwater can gain access to a Meltwater customer's archives.  Except as expressly admitted, AP denies the allegations of Paragraph 102 of the Counterclaims.

103.     AP admits that Meltwater is a closed system, and therefore that no one outside of Meltwater can gain access to a Meltwater customer's archives.  Except as expressly admitted, AP denies the allegations of Paragraph 103 of the Counterclaims.

104.     AP admits that it is not currently in possession of a newsletter from a Meltwater customer containing a full-text version of any of Registered Articles.  Except as expressly admitted, AP denies the allegations of Paragraph 104 of the Counterclaims.

105.     AP admits that it is not currently in possession of a newsletter from a Meltwater customer containing a full-text version of a news article in which AP holds the copyright. Except as expressly admitted, AP denies the allegations of Paragraph 105 of the Counterclaims.

DWT 19533671v3 0025295-000064

106.    AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the Counterclaims.

107.    AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the Counterclaims.

*AP's Press Release*

108.    AP denies the allegations of Paragraph 108 of the Counterclaims.

109.    AP admits that on February 14, 2012, AP issued the AP Press Release describing the allegations in its Complaint, and AP respectfully refers the Court to the AP Press Release for the contents thereof.  Except as expressly admitted, AP denies the allegations of Paragraph 109 of the Counterclaims.

110.    AP denies the allegations of Paragraph 110 of the Counterclaims and respectfully refers the Court to the AP Press Release for the contents thereof.

111.    AP admits that the AP Press Release included a quote from Tom Curley, president and CEO of the AP, stating, *inter alia*, that Meltwater "has a significant negative impact on the ability of AP to continue providing the high-quality news reports on which the public relies." AP respectfully refers the Court to the AP Press Release for the contents thereof.

112.    AP denies the allegations of Paragraph 112 of the Counterclaims.

113.    AP admits that the AP Press Release stated, *inter alia*, that "as AP's complaint alleges, Meltwater . . . facilitates the incorporation of AP articles into customer newsletters to be further distributed,"  and respectfully refers the Court to the AP Press Release for the contents thereof.

114.    AP denies the allegations of Paragraph 114 of the Counterclaims.

DWT 19533671v3 0025295-000064

115.   AP admits that the AP Press Release described the allegations of AP's Complaint, including that Meltwater "refuses to license the content that it delivers to its customers," and respectfully refers the Court to the AP Press Release for the contents thereof.

116.   AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Meltwater's alleged agreements with other news publishers besides AP and otherwise denies the allegations of Paragraph 116 of the Counterclaims.

117.   AP denies the allegations of Paragraph 117 of the Counterclaims.

118.   AP admits that prior to filing its Complaint, Meltwater had not contacted AP to seek a license from AP for use of AP Content in the Meltwater News service.  Except as expressly admitted, AP denies the allegations of Paragraph 118 of the Counterclaims.

119.   AP admits that the AP Press Release described the allegations of AP's Complaint, including that "Meltwater is a closed system sold only to subscribers for a fee, and not a means of expanding public access," and respectfully refers the Court to the AP Press Release for the contents thereof.

120.   AP denies the allegations of Paragraph 120 of the Counterclaims.

121.   AP admits that the AP Press Release described the allegations of AP's Complaint, including that "Meltwater retains a vast archive of AP articles dating back to at least 2007, many of which are no longer publicly available on the Internet" and that "Meltwater actively facilitates the storage of those and other articles in customer archives on the Meltwater system," and respectfully refers the Court to the AP Press Release for the contents thereof.

122.   AP denies the allegations of Paragraph 122 of the Counterclaims.

123.   AP denies the allegations of Paragraph 123 of the Counterclaims.

DWT 19533671v3 0025295-000064

124.    AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the Counterclaims.

125.    AP denies that the AP Press Release, which describes the allegations of AP's Complaint, contains "false and misleading statements" about Meltwater.  AP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125 of the Counterclaims.

126.    AP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 126 of the Counterclaims.

127.    AP admits that the AP Press Release describes the allegations of AP's Complaint and denies that the AP Press Release contains any misrepresentations of those allegations.  AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Meltwater's business negotiations with its current and prospective customers.  Except as expressly admitted, AP denies the allegations of Paragraph 127 of the Counterclaims.

### Count I
### (Declaratory Judgment of Non-Infringement of the Articles in Suit)

128.    AP repeats and realleges every response in Paragraphs 1-127 as if fully set forth herein.

129.    To the extent the allegations of Paragraph 129 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 129 of the Counterclaims are deemed to be allegations of fact, AP admits them but further states that the controversy is not limited to the Registered Articles.

130.    To the extent the allegations of Paragraph 130 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 130 of the Counterclaims are deemed to be allegations of fact, AP denies the accuracy

DWT 19533671v3 0025295-000064

of the characterization of the Meltwater media monitoring reports as "search results" and respectfully refers the Court to the Complaint, the Counterclaims and the AP Press Release for the contents thereof.

131.   To the extent the allegations of Paragraph 131of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 131 of the Counterclaims are deemed to be allegations of fact, AP respectfully refers the Court to the Complaint, the Counterclaims and the AP Press Release for the contents thereof. AP otherwise denies the allegations of Paragraph 131 of the Counterclaims.

132.   The allegations of Paragraph 132 of the Counterclaims are allegations of law, and AP is not required to plead thereto.

133.   To the extent the allegations of Paragraph 133 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 133 of the Counterclaims are deemed to be allegations of fact, AP respectfully refers the Court to the Complaint for the contents thereof.

134.   To the extent the allegations of Paragraph 134 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 134 of the Counterclaims are deemed to be allegations of fact, AP respectfully refers the Court to the Complaint for the contents thereof.

135.   To the extent the allegations of Paragraph 135 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 135 of the Counterclaims are deemed to be allegations of fact, AP admits that Meltwater seeks a declaratory judgment but denies that Meltwater is entitled to the relief sought.

136.   To the extent the allegations of Paragraph 136 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 136 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

## Count II
## (Declaratory Judgment of Safe Harbor from Infringement Claims Based upon the Digital Millennium Copyright Act)

137.   AP repeats and realleges every response in Paragraphs 1-136 as if fully set forth herein.

138.   AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 of the Counterclaims, but denies that Meltwater designated and registered with the U.S. Copyright Office an agent to receive notifications of alleged copyright infringement under section 512(c) of the DMCA prior to the filing of the complaint.

139.   To the extent the allegations of Paragraph 139 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 139 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

140.   To the extent the allegations of Paragraph 140 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 140 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

141.   To the extent the allegations of Paragraph 141 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 141 are deemed allegations of fact, AP states that as of February 14, 2012, Meltwater

25

did not include a repeat-infringer policy on its website.  AP admits that Meltwater's website currently lists a "Repeat Infringer Policy" at the URL http://www.meltwater.com/copyright and respectfully refers the Court to that policy for the contents thereof.  AP denies that Meltwater's policy for repeat infringers permits it to claim a safe harbor from liability.  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 of the Counterclaims.

142.    To the extent the allegations of Paragraph 142 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 142 are deemed allegations of fact, AP states that as of February 14, 2012, Meltwater did not include a repeat-infringer policy on its website.  AP admits that Meltwater's website currently lists a "Repeat Infringer Policy" at the URL http://www.meltwater.com/copyright and respectfully refers the Court to that policy for the contents thereof.  AP denies that Meltwater's policy for repeat infringers or related notification efforts permit it to claim a safe harbor from liability.  Except as expressly admitted or denied, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the Counterclaims.

143.    AP has a good-faith belief that Meltwater subscribers can use Meltwater's Archive tool to store content delivered by Meltwater on Meltwater's system.  Except as expressly admitted, AP denies the allegations of Paragraph 143 of the Counterclaims.

144.    AP denies the allegations of Paragraph 144 of the Counterclaims and respectfully refers the Court to the Complaint and the AP Press Release for the contents thereof.

145.    AP denies the allegations of Paragraph 145 of the Counterclaims and respectfully refers the Court to the Complaint and the AP Press Release for the contents thereof.

26

146.     To the extent the allegations of Paragraph 146 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 146 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

147.     AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 of the Counterclaims.

148.     To the extent the allegations of Paragraph 148 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 148 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations given that Meltwater did not have a designated agent for notices of infringement as required under the DMCA prior to the filing of the Complaint.

149.     To the extent the allegations of Paragraph 149 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 149 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

150.     To the extent the allegations of Paragraph 150 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 150 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

151.     To the extent the allegations of Paragraph 151 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 151 of the Counterclaims are deemed to be allegations of fact, AP admits that there is a justiciable controversy between the parties as to whether Meltwater's business practices

27

constitute infringement of AP's copyrights in the AP Content, including the Registered Articles, and respectfully refers the Court to the Complaint for the contents thereof.  Except as expressly admitted, AP denies the allegations of Paragraph 151 of the Counterclaims.

152.    To the extent the allegations of Paragraph 152 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 152 of the Counterclaims are deemed to be allegations of fact, AP respectfully refers the Court to the Complaint for the contents thereof.

153.    The allegations of Paragraph 153 of the Counterclaims are allegations of law, and AP is not required to plead thereto.

154.    The allegations of Paragraph 154 of the Counterclaims are allegations of law, and AP is not required to plead thereto.

155.    To the extent the allegations of Paragraph 155 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 155 of the Counterclaims are deemed to be allegations of fact, AP admits that Meltwater seeks a declaratory judgment but denies that Meltwater is entitled to the relief sought.

156.    To the extent the allegations of Paragraph 156 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 156 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

## Count III
## (Libel Per Se)

157.    AP repeats and realleges every response in Paragraphs 1-156 as if fully set forth herein.

158.   AP admits that prior to issuing the AP Press Release, AP and its counsel conducted an investigation into Meltwater's business, but further states that Meltwater is a closed system which does not permit access by third parties.

159.   To the extent the allegations of Paragraph 159 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 159 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

160.   To the extent the allegations of Paragraph 160 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 160 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

161.   To the extent the allegations of Paragraph 161 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 161 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

162.   To the extent the allegations of Paragraph 162 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 162 of the Counterclaims are deemed to be allegations of fact, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Meltwater's business negotiations with its current and prospective customers, and denies the remaining allegations of Paragraph 162 of the Counterclaims.

163.   To the extent the allegations of Paragraph 163 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of

Paragraph 163 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

**Count IV**
**(Tortious Interference)**

164.   AP repeats and realleges every response in Paragraphs 1-163 as if fully set forth herein.

165.   AP admits that prior to issuing the AP Press Release, AP and its counsel conducted an investigation into Meltwater's business, but further states that Meltwater is a closed system which does not permit access by third parties.

166.   AP admits that at the time it issued the AP Press Release, AP believed that Meltwater had contractual relationships with various corporations and governmental agencies.

167.   AP denies the allegations of Paragraph 167 of the Counterclaims.

168.   AP admits that the Department of Homeland Security cancelled its contract with AP in order to receive AP content through Meltwater's service. Except as expressly admitted, AP denies the allegations of Paragraph 168 of the Counterclaims.

169.   To the extent the allegations of Paragraph 169 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto. To the extent the allegations of Paragraph 169 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

170.   To the extent the allegations of Paragraph 170 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto. To the extent the allegations of Paragraph 170 of the Counterclaims are deemed to be allegations of fact, AP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Meltwater's

DWT 19533671v3 0025295-000064

business negotiations with its current and prospective customers, and denies the remaining allegations of Paragraph 170 of the Counterclaims.

171.    To the extent the allegations of Paragraph 171 of the Counterclaims are deemed to be allegations of law, AP is not required to plead thereto.  To the extent the allegations of Paragraph 171 of the Counterclaims are deemed to be allegations of fact, AP denies the allegations.

AP further denies that Meltwater is entitled to the relief requested in paragraphs (a)-(i) of its Prayer for Relief on pages 52-53 of the Counterclaims, or to any relief whatsoever.  Any remaining allegations not specifically admitted above are denied.

## AFFIRMATIVE AND OTHER DEFENSES

To the extent that it is Meltwater's burden to prove any of the issues raised in the affirmative and other defenses set forth below, AP hereby preserves, and does not waive, its legal position that Meltwater maintains the burden of proof on those issues.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Meltwater is not entitled to protection under the safe harbor of the Digital Millennium Copyright Act because it does not meet the requirements for eligibility including but not limited to those set forth in 17 U.S.C. §§ 512(c) and (i).

31

## THIRD AFFIRMATIVE DEFENSE

Meltwater's counterclaims for libel and tortious interference are barred in whole or in part because the allegedly false statements from the AP Press Release are privileged under Section 74 of the New York Civil Rights Law as fair and true reports of a judicial proceeding.

## FOURTH AFFIRMATIVE DEFENSE

Meltwater's counterclaims for libel and tortious interference are barred in whole or in part by the First Amendment of the U.S. Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Meltwater's claims for libel and tortious interference are barred in whole or in part because the allegedly false statements from the AP Press Release qualify as protected opinion under the First and Fourteenth Amendments to the U.S. Constitution and Article I, § 8 of Constitution of the State of New York.

## SIXTH AFFIRMATIVE DEFENSE

Any allegedly false statement in the AP Press Release is substantially true and therefore absolutely protected under the First and Fourteenth Amendments to the U.S. Constitution and by Article I, § 8 of the Constitution of the State of New York.

## SEVENTH AFFIRMATIVE DEFENSE

Meltwater cannot establish that any allegedly false statement was published with "actual malice" or the requisite fault standard.

## EIGHTH AFFIRMATIVE DEFENSE

Meltwater's claim for tortious interference is barred as duplicative of its libel claim and an attempt to evade the constitutional protections embodied in libel law, since the allegedly tortious conduct consists of protected speech only.

DWT 19533671v3 0025295-000064

### NINTH AFFIRMATIVE DEFENSE

Meltwater may not recover punitive damages arising out of the AP Press Release in the absence of "actual malice" and common law malice.

### TENTH AFFIRMATIVE DEFENSE

AP reserves the right to amend its Answer to Defendants' Counterclaims and to assert such additional defenses as may later become available or apparent to it.


Dated: New York, New York
      May 15, 2012

DAVIS WRIGHT TREMAINE LLP


By: _____/s/_____
    Elizabeth A. McNamara
    Linda Steinman
    Alison B. Schary

1633 Broadway, 27th floor
New York, New York 10019
(212) 489-8230

*Attorneys for The Associated Press*

DWT 19533671v3 0025295-000064